MR

**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**



**F I L E D**

SEP 09 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MN

IN RE: SALESFORCE, INC. DATA SECURITY
BREACH LITIGATION

MDL No. ___

---

## MOTION OF PLAINTIFFS MALCOLM SCOTT, ZENAIDA MEDINA, ELIOT CANICK, DWHITNEY EMANUEL, CYNTHIA MONTALVAN, AND SUSAN STYER FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Malcolm Scott, the plaintiff in the first-filed case against Salesforce, Inc., *Scott v. Salesforce, Inc. et al.*, No. 3:25-cv-7232 (N.D. Cal.) (as well as the plaintiff in *Scott v. Farmers Insurance Exchange et al.*, No. 2:25-cv-8032 (C.D. Cal.)), Plaintiff Zenaida Medina, the plaintiff in the second-filed case against Salesforce, *Medina v. Salesforce, Inc. et al.*, No. 3:25-cv-7245 (N.D. Cal.), and Plaintiffs Eliot Canick, Dwhitney Emanuel, Cynthia Montalvan, and Susan Styer, the plaintiffs in the third-filed case against Salesforce, *Canick et al. v. Salesforce, Inc. et al.*, No. 3:25-cv-7306 (N.D. Cal.) (together, the "Plaintiffs"), respectfully move the Judicial Panel on Multidistrict Litigation for an order transferring and centralizing the 48 currently filed cases and any tag-along cases subsequently filed arising out of the "hub and spoke" data breach impacting Salesforce, Inc. ("Salesforce") and its clients (e.g., Farmers Insurance, Allianz Life Insurance, Christian Dior, Louis Vitton, TransUnion) to the United States District Court for the Northern District of California, where three actions are pending. In support of this motion Plaintiffs incorporate by reference the accompanying memorandum of law and aver the following:

    1. At the time of filing, this motion involves the following actions:

1) *Scott v. Salesforce, Inc.*, No. 3:25-cv-07232 (N.D. Cal.)
2) *Medina v. Salesforce, Inc. et al.*, No. 3:25-cv-07245 (N.D. Cal.)
3) *Canick v. Salesforce, Inc. et al.*, No. 3:25-cv-07306 (N.D. Cal.)
4) *Morgan v. Salesforce Inc.*, No. 3:25-cv-07318-KAW (N.D. Cal.)
5) *Toikach v. Christian Dior, Inc. et al.*, No. 1:25-cv-06055 (S.D.N.Y.)
6) *Toikach v. Christian Dior, Inc. et al.*, No. 1:25-cv-06058 (S.D.N.Y.)
7) *Holland v. Christian Dior, Inc. et al.*, No. 1:25-cv-06200 (S.D.N.Y.)
8) *Bhatt et al. v. Christian Dior, Inc. et al.*, No. 1:25-cv-06205 (S.D.N.Y.)
9) *Nguyen v. Christian Dior, Inc.*, No. 1:25-cv-06270 (S.D.N.Y.)
10) *Ansryan v. Christian Dior, Inc. et al.*, No. 1:25-cv-06705 (S.D.N.Y.)
11) *Butler-Adams v. Louis Vuitton N. Am., Inc.*, No. 1:25-cv-07109 (S.D.N.Y.)
12) *Miamen et al v. Louis Vuitton N. Am., Inc.*, No. 1:25-cv-07183-UA (S.D.N.Y.)
13) *Emanuel v. Farmers Ins. Exch. et al.*, No. 2:25-cv-07972 (C.D. Cal.)
14) *Schwartz v. Farmers Grp., Inc. d/b/a Farmers Ins. Exch.*, No. 2:25-cv-08021 (C.D. Cal.)
15) *Scott v. Farmers Ins. Exch.et al.*, No. 2:25-cv-08032 (C.D. Cal.)
16) *Milstead et al. v. Farmers Ins. Exch.et al.*, No. 2:25-cv-08062 (C.D. Cal.)
17) *Montalvan et al. v. Farmers Ins. Exch.et al.*, No. 2:25-cv-08085 (C.D. Cal.)
18) *Kovner v. Farmers Grp., Inc. et al.*, No. 2:25-cv-08120 (C.D. Cal.)
19) *Keritsis v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-02777 (D. Minn.)
20) *Taylor v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03020 (D. Minn.)
21) *Lopez v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03052 (D. Minn.)
22) *Hodges v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03080 (D. Minn.)
23) *Herrera v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03100 (D. Minn.)
24) *Marotta et al. v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03109 (D. Minn.)
25) *Ogden v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03111 (D. Minn.)
26) *Thompson v. Allianz Life Ins. Co. of N. Am.merica*, No. 0:25-cv-03118 (D. Minn.)
27) *Fematt v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03133 (D. Minn.)
28) *Goldman v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03135 (D. Minn.)
29) *Lennon v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03139 (D. Minn.)
30) *Canick v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03141 (D. Minn.)
31) *Latronico v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03159 (D. Minn.)
32) *Hansch v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03207 (D. Minn.)
33) *Berger v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03221 (D. Minn.)
34) *Graham v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03224 (D. Minn.)
35) *Butler v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03228 (D. Minn.)
36) *Zabriskie v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03231 (D. Minn.)
37) *Anderson v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03235 (D. Minn.)
38) *LaMarre v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03237 (D. Minn.)
39) *Roaldi, et al. v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03244 (D. Minn.)
40) *Robinson v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03251 (D. Minn.)
41) *Colgan v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03285 (D. Minn.)
42) *Giuliani v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03291 (D. Minn.)
43) *Crownover v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03308 (D. Minn.)
44) *Thomas et al. v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03313 (D. Minn.)

45) *Powers v. Allianz Life Ins. Co. of N. Am.*, No. 0:25-cv-03328 (D. Minn.)
46) *Gress v. Allianz Life Ins. Co. of N. Am.*, No. 1:25-cv-01774 (N.D. Ohio)
47) *Snelgrove v. TransUnion, LLC*, No. 1:25-cv-10320 (N.D. Ill.)
48) *Ihrke et al. v. TransUnion, LLC*, No. 1:25-cv-10321 (N.D. Ill.)

(collectively, the "Actions").

2.     The Actions involve common questions of fact that are sufficiently numerous and complex to warrant centralization. All of the Actions arise out of and seek to hold the "hub" defendant, Salesforce, and its clients, the various "spoke" defendants, responsible for the same data breach. The central allegation in every case is that Salesforce and/or the spoke defendants failed to safeguard the personal information of consumers, leading to unauthorized access of that information through vulnerabilities in Salesforce's software accounts. The resulting data breach of Salesforce's affected clients was perpetrated by the same ransomware gang exploiting the same vulnerabilities in Salesforce's software, all around the same period of time earlier this year. All Actions rely upon similar legal theories of recovery, each turning on the failure of Defendants to prevent the data breach and safeguard class members' personal information. In each case, courts will be asked to determine substantially similar factual issues.

3.     All of the Actions are in their infancy. No defendant has answered any of the complaints.

4.     Discovery in each case will be substantially similar because allegations, parties, and witnesses will be nearly identical. Discovery as to many issues common to all plaintiffs can and should be centralized in a single proceeding to avoid the inefficiencies and duplication of efforts likely to arise with the Actions pending in different districts.

5.     Centralization will prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings (particularly on class action issues), conserve judicial resources, reduce the costs of litigation, minimize the inconvenience to the parties and witnesses, and allow

3

the Actions to proceed efficiently to trial. Centralization will also provide a single forum to which future tag-along actions may be transferred to streamline subsequent proceedings and promote judicial economy. Further, centralization will result in the development of a consistent law of the case and the fair and economical adjudication of the Actions.

6.     For these reasons, transfer and centralization of these Actions will promote the convenience of the parties and witnesses and the just and efficient conduct of the Actions pursuant to 28 U.S.C. § 1407.

7.     Plaintiffs respectfully submit that the Panel should enter an order transferring the Actions, as well as any future tag-along actions, to the Honorable Jacqueline Scott Corley in the United States District Court for the Northern District of California, for centralization of pretrial proceedings.

8.     The Northern District of California is the appropriate forum because it is where Salesforce is headquartered and where the key corporate evidence and witnesses are located. The Northern District of California also has a judiciary that is well-experienced with such multi-district proceedings. The Honorable Jacqueline Scott Corley, to whom Plaintiff Scott's first-filed case against Salesforce has been assigned in the Northern District of California, is an excellent transferee judge, having extensive MDL experience both as an Article III judge and previously as a magistrate judge in the same District.

WHEREFORE, Plaintiffs respectfully request the Panel order the transfer and centralization of the Actions listed in the Schedule of Actions and any future tag-along actions to the Honorable Jacqueline Scott Corley in the Northern District of California.

4

This motion is based on the filed Memorandum in support of this motion, the filed pleadings and papers, and any such matters as may be presented to the Panel at the time of the hearing.

Dated: August 29, 2025

Respectfully submitted,

/s/ Tina Wolfson
Tina Wolfson
Robert Ahdoot
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
T: (310) 474-9111
F: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
T: (866) 252-0878
gklinger@milberg.com

Counsel for Plaintiff Malcolm Scott and the Proposed Class in *Scott v. Salesforce et al.*, No. 3:25-cv-7232 (N.D. Cal.); *Scott v. Farmers Insurance Exchange et al.*, No. 2:25-cv-8032 (C.D. Cal.)

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
T: (954) 332-4200
ostrow@kolawyers.com

Counsel for Plaintiff Zenaida Medina and the Proposed Class in *Medina v. Salesforce, Inc. et al.*, No. 3:25-cv-7245 (N.D. Cal.)

Joseph W. Cotchett
Thomas E. Loeser
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200

5

Burlingame, CA 94010
T: (650) 697-6000
jcotchett@cpmlegal.com
tloeser@cpmlegal.com

Counsel for Plaintiffs Eliot Canick, Dwhitney
Emanuel, Cynthia Montalvan, and Susan Styer and
the Proposed Class in *Canick et al. v. Salesforce,
Inc. et al.*, No. 3:25-cv-7306 (N.D. Cal.)

**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: SALESFORCE, INC. DATA SECURITY BREACH LITIGATION | MDL No. _____ |

**MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFFS MALCOLM SCOTT, ZENAIDA MEDINA, ELIOT CANICK, DWHITNEY EMANUEL, CYNTHIA MONTALVAN, AND SUSAN STYER FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Malcolm Scott, the plaintiff in the first-filed case against Salesforce, Inc., *Scott v. Salesforce, Inc. et al.*, No. 3:25-cv-7232 (N.D. Cal.) (as well as the plaintiff in *Scott v. Farmers Insurance Exchange et al.*, No. 2:25-cv-8032 (C.D. Cal.)), Plaintiff Zenaida Medina, the plaintiff in the second-filed case against Salesforce, *Medina v. Salesforce, Inc. et al.*, No. 3:25-cv-7245 (N.D. Cal.), and Plaintiffs Eliot Canick, Dwhitney Emanuel, Cynthia Montalvan, and Susan Styer, the plaintiffs in the third-filed case against Salesforce, *Canick et al. v. Salesforce, Inc. et al.*, No. 3:25-cv-7306 (N.D. Cal.), respectfully submit this Memorandum in Support of their Motion for Transfer and Centralization of all federal cases listed in the Schedule of Actions attached hereto, and any subsequently filed "tag-along" actions, to the Honorable Jacqueline Scott Corley in the Northern District of California.

## I.    **INTRODUCTION**

This is a typical "hub-and-spoke" data breach that occurred earlier this year ("Data Breach"), involving Salesforce, Inc. ("Salesforce"), the "hub," and many of its customers, the "spokes." As more is learned about the Data Breach, there will likely be a significant number of additional spokes identified. The Data Breach has impacted millions of people and resulted in

cases filed throughout the country. Salesforce is a publicly traded company that has its corporate headquarters, employs over 10,000 people, and maintains its data centers in the Northern District of California.

On its website, Salesforce touts its focus on privacy and data security, stating, "We earn the trust of our customers, employees, and extended family through transparency, security, compliance, privacy, and performance. And we deliver the industry's most trusted infrastructure."[1] Salesforce understands and has long acknowledged how important robust cybersecurity is to its clients and the consumers whose data is stored on Salesforce's platforms. Similarly, the myriad "spoke" defendants who use Salesforce's software understand and acknowledge the importance of protecting the data of their own customers and employees—information from which they derive significant profits. However, by permitting this Data Breach to occur, Salesforce and the spoke defendants were negligent and reckless in failing to implement and maintain cybersecurity policies and practices to protect Plaintiffs' and Class members' personal information.

Notably, the policies and practices for the credentialing of Salesforce's software had vulnerabilities common to all the spoke defendants that—had Salesforce implemented and required more robust security practices for its clients that many other companies already use—could have been rectified to avoid the hacking attacks that swept through Salesforce's client base all within the same time period earlier this year.

All the Actions subject to this motion arise from one nucleus of operative facts: a Data Breach impacting the data maintained by Salesforce, Inc. As was the case in the numerous 28 U.S.C. § 1407 multidistrict litigation ("MDL") petitions granted by this Panel arising out of other breaches (*Fortra*, MDL No. 3090, *MOVEit*, MDL No. 3083, *Perry Johnson*, MDL No. 3096,

---

[1] https://trust.salesforce.com/

*Snowflake*, MDL No. 3126, *Evolve*, MDL No. 3127, and *PowerSchool*, MDL No. 3149), this litigation also should be centralized to promote the just and efficient pretrial conduct of these Actions.

Centralization will create efficiencies and streamline proceedings in one location. Salesforce is headquartered in San Francisco, California and is the common thread running through all the Actions, regardless of whether it is named as a defendant in every case. Much of the key evidence that will be common to and overlap in the Actions (including many key witnesses) will be located in Northern California.

## II.    **BACKGROUND**

Salesforce is a company that specializes in cloud-storage technologies to warehouse and secure sensitive data, as well as other software products for sales, customer service, marketing automation, e-commerce, analytics, artificial intelligence, and application development. Salesforce sells its software services to numerous companies who store information using Salesforce's cloud-based software. These "spokes" include entities such as Farmers, Allianz Life, Christian Dior, and numerous others, some of which are not yet known.

On May 30, 2025, Farmers Group, Inc. ("Farmers"), one of the country's largest insurance companies, discovered suspicious activity involving an unauthorized actor accessing one of its third-party vendor's databases containing Farmers' customer information. Similar to Farmers, numerous other companies across the nation reportedly discovered similar suspicious activity involving unauthorized access to their data within a limited time frame. As recently as this week, TransUnion LLC—one of the three major credit bureaus—announced that approximately 4.4 million of its customers were victims of the breach, which also includes spoke companies such as

Google, Cisco, and Workday.[2] All these companies are connected by a common thread: they are clients of Salesforce and utilized Salesforce's software for storage of customers' and employees' personal information that was compromised in the Data Breach.

According to public reporting, hackers obtained access to Salesforce's software through phishing pages that resembled genuine login pages and by impersonating IT support staff in phone calls to targeted employees, attempting to persuade them into visiting Salesforce's connected app setup page. On this page, they were told to enter a "connection code," which linked a malicious version of Salesforce's Data Loader OAuth app to the target's Salesforce environment. The OAuth credentials and multi-factor authentication codes obtained through deceit were subsequently used to obtain the personal information of millions of individuals, including their drivers' license numbers and Social Security numbers in some instances, along with other highly sensitive information from Salesforce's systems. Defendants required customers to provide this information in connection with using their products and/or services.

Salesforce is the "hub" to which all these cases should be centralized because it had the duty and ability to control its software environment and prevent these attacks from succeeding through implementation of security protocols that other companies in Salesforce's industry regularly and routinely implement. But Salesforce did not. Each "spoke" defendant reportedly had its own data maliciously exfiltrated by the same ransomware group around the same time period earlier this year, highlighting the common thread unifying the Data Breach: Salesforce negligently failed to maintain adequate security protocols to make such malicious attempts less likely or even impossible to succeed, and the spoke defendants—with inadequate guidance from Salesforce and

---

[2] Zack Whittaker, *TransUnion says hackers stole 4.4 million customers' personal information*, TechCrunch (Aug. 28, 2025 5:04 AM PDT), https://techcrunch.com/2025/08/28/transunion-says-hackers-stole-4-4-million-customers-personal-information/.

their own internal technology leadership—negligently failed to implement sufficiently robust security protocols to prevent the Data Breach.

This Motion involves 48 actions pending in six different federal district courts. As of this filing, there are four actions pending in the Northern District of California, six actions pending in the Central District of California, eight actions pending in the Southern District of New York, 27 actions pending in the District of Minnesota, two actions pending in the Northern District of Illinois, and one action pending in Northern District of Ohio.

### A. Plaintiffs

All plaintiffs in the pending Actions have filed class actions arising from the Data Breach and alleged violations of data privacy. The Actions are being pursued on behalf of similar nationwide classes of consumers whose private information was compromised or stolen in the Data Breach.

Each of the pending Actions presents a common core of facts, in that each case (i) alleges that the personal information of many potential class members was stolen during the Data Breach; (ii) asserts injury and damages arising from Data Breach; and (iii) alleges the same or similar misconduct by Salesforce and/or Salesforce's clients, the spoke defendants. The factual allegations in each complaint are similar in all material respects.

### B. Defendants

Salesforce is a corporation organized under the laws of the state of Delaware, with a principal place of business located in San Francisco, California. Salesforce provides a wide range of software products to companies in various industries.

Defendant Farmers Group, Inc. is a corporation organized under the laws of Delaware, with a principal place of business located in Woodland Hills, California. Farmers provides a wide range

of insurance coverage. Defendant Farmers Insurance Exchange is an unincorporated association organized under the California Insurance Code, with its principal place of business in Woodland Hills, California.

Defendant Allianz Life Insurance Company of North America is a stock insurance corporation with its principal place of business located Minneapolis, Minnesota.

Defendant Louis Vuitton North America, Inc. is a designer and retailer of luxury fashion goods incorporated under the laws of Delaware with its principal place of business located in New York, New York.

Defendant Christian Dior, Inc. is a corporation organized under the laws of the state of New York with its principal place of business located in New York, New York. Christian Dior is a company that sells luxury fashion goods. Defendant Christian Dior Couture SAS is a corporation with its principal place of business in France.

Defendant TransUnion, LLC is a corporation organized under the laws of Delaware with its principal place of business located in Chicago, Illinois. TransUnion is a major credit reporting agency.

**C. Status of the Actions**

The Actions were all filed shortly after Salesforce's clients' respective public announcements concerning the Data Breach. Based on the scope of the Data Breach, the number of potential impacted customers of dozens of Salesforce clients, the potential that the class consists of many millions of individuals, and the extensive press coverage, undersigned counsel anticipates that additional class actions will soon be filed in other federal courts alleging similar claims on behalf of similar classes.

Each of the Actions names Salesforce and/or some of Salesforce's clients as defendants.

6

The Actions contain similar causes of action, including claims for negligence, breach of implied contract, breach of fiduciary duty, breach of good faith and fair dealing, breach of third-party beneficiary contract, invasion of privacy, unjust enrichment, and statutory violations.

Each of the Actions is a putative class action, and each is filed on behalf of classes of individuals whose personal information was compromised or stolen in the Data Breach. Those individuals provided their information to Salesforce or some of Salesforce's clients. This information, which was transferred into Salesforce's data centers, was then exposed to criminals during the Data Breach. Based on the same nucleus of facts, each Action alleges a common failure by Salesforce and/or Salesforce's clients to protect personal information compromised in the Data Breach. Each Action alleges substantially similar damages and asserts largely similar causes of action. All Actions are in their infancy and no answers or responses to the complaints have been filed in any of the Actions.

Based on the numerous common questions of fact involved in the Actions, the compelling need to establish uniform and consistent standards in conducting pretrial discovery and motion practice, and to avoid duplication of effort and the possibility of inconsistent rulings, Plaintiffs Scott, Medina, Canick, Emanuel, Montalvan, and Styer request that the cases be transferred to and centralized in the Northern District of California, where Salesforce's headquarters, corporate employees, and data centers are located. The Northern District of California offers the most efficient and convenient venue given the nexus of evidence and witnesses likely within the District, as well as the abundance of highly qualified judges ready to manage this litigation, including the Honorable Jacqueline Scott Corley, to whom the first-filed case against Salesforce has been assigned.

## III.   **ARGUMENT**

### A. The Actions and Any Tag-Along Actions Are Appropriate for Transfer And Centralization Pursuant To 28 U.S.C. § 1407(a)

Transfer and centralization are permitted if civil actions pending in different districts "involv[e] one or more common questions of fact" and the Panel determines that transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION ("MCL"), § 20.131 (4th ed. 2004). Transfer and centralization for pretrial proceedings would achieve those objectives in the instant litigation and therefore are appropriate here.

### 1.   The Actions Involve Common, Numerous, and Complex Questions of Fact

Transfer under Section 1407 "does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *In re Rembrandt Techs., LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1370 (J.P.M.L. 2007). Here, this requirement is easily satisfied because all the Actions arise out of and seek to hold Salesforce and its corporate clients responsible for the same Data Breach.

The Actions share a common and overlapping core of factual allegations relating to a common breach and concerning common conduct by a common actor: Salesforce. The factual questions common to all Actions are numerous and complex, and include (without limitation):

- Whether Salesforce and/or its corporate clients owed duties to Plaintiffs and class members to safeguard their personal information;

- Whether Salesforce and/or its corporate clients failed to comply with those duties;

- Whether Salesforce's and/or its corporate clients' data security practices resulted in the disclosure of the personal information that was compromised in the Data Breach;

8

- Whether Salesforce and/or its corporate clients violated privacy rights and invaded Plaintiffs' and class members' privacy;

- Whether Plaintiffs and class members suffered legally cognizable damages as a result of the Data Breach and, if so, in what amount; and

- Whether Plaintiffs and class members are entitled to injunctive relief.

In addition, all Actions rely upon similar legal theories of recovery, each turning on the failure of Salesforce and/or its corporate clients to prevent the Data Breach and safeguard Plaintiffs' and class members' personal information. As the Panel has previously stated, "the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core . . . ." *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008). This Panel's recent decision in another high profile "hub-and-spoke" data breach litigation highlights the efficiencies gained by centralization where common factual issues are prevalent. *See In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1405 (J.P.M.L 2023) (granting motion § 1407 motion, where actions "can be expected to share common and complex factual questions as to how the MOVEit vulnerability occurred, the circumstances of the unauthorized access and data exfiltration, and Progress's response to it, as well as the response of various downstream MOVEit users and customer-facing defendants . . . ."). The pending actions clearly satisfy the first element of the transfer analysis under Section 1407. The benefits of consolidation are clear when discovery in each of the cases will center on the same facts – the cause and circumstances of the Data Breach and Salesforce's data security practices.

2. Transfer and Centralization Will Further the Convenience of the Parties and Witnesses

Resolution of these common issues in a single forum will further the convenience of all parties and witnesses. *See* 28 U.S.C. § 1407(a). Because all Actions involve similar allegations

and factual questions, the plaintiffs in the Actions will require discovery of the same documents and depositions of the same witnesses. Salesforce and its corporate clients likely will raise the same discovery objections and seek the same protective orders or privileges in each case. Absent centralization and transfer, all parties will be subjected to duplicative discovery, and witnesses will face multiple, redundant depositions. *See, e.g.*, *In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1353 (J.P.M.L. 2018) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary."); *In re Pilot Flying J Fuel Rebate Contract Litig.*, 11 F. Supp. 3d 1351, 1352 (J.P.M.L. 2014) ("Centralization will avoid repetitive depositions of [the defendant's] officers and employees and duplicative document discovery regarding the alleged scheme"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious.").

Absent transfer, the federal court system will be forced to administer—and Salesforce and its corporate clients that are co-defendants will be compelled to defend—dozens of related actions across multiple venues, all proceeding on potentially different pretrial schedules and subject to different judicial decision-making and local procedural requirements. Moreover, each plaintiff will be required to monitor and possibly participate in each of the other similar Actions to ensure that Salesforce and its corporate clients do not provide inconsistent or misleading information. Many of the same pretrial disputes are likely to arise in each Action. Likewise, due to the similar causes of action in each complaint, the defenses asserted in the Actions will be substantially the same, as will the substance of any motions to dismiss and motions for summary

10

judgment, which will be based on the same claims and the same arguments in each Action.

None of the pending cases have progressed to the point where efficiencies will be forfeited through transfer to an MDL proceeding—each Action is in its infancy. This Panel has routinely recognized that consolidating litigation in one court benefits *both* plaintiffs and defendants. For example, pretrial transfer would reduce discovery delays and costs for plaintiffs, and permit plaintiffs' counsel to coordinate their efforts and share the pretrial workload. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (2001) ("And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned."); *In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 741 (J.P.M.L. 1984) (same). As for the defendants, expert depositions will be coordinated, document production will be coordinated, and travel for current and former employees will be minimized, since they will only have to appear in one location rather than multiple districts around the country.

Transfer also will reduce the burden on the parties by allowing more efficient and centralized divisions of workload among the attorneys already involved in this litigation, as well as those who join later. Plaintiffs will reap efficiencies from being able to divide up the management and conduct of the litigation as part of a unified MDL process through a plaintiffs' lead counsel team or similar mechanism, instead of each plaintiff's counsel separately litigating their own cases on distinct and parallel tracks. *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019) ("Centralization will . . . conserve the resources of the parties, their counsel, and the judiciary.").

In sum, the transfer of these Actions would serve the convenience of the parties and

11

eliminate duplicative discovery, saving the parties and the courts significant time, effort, and resources.

### 3. Transfer and Centralization Will Promote the Just and Efficient Conduct of These Actions

Consolidation will promote the just and efficient conducts of these Actions for all the reasons discussed above. It will also prevent inconsistent pretrial rulings on many central issues, which would present significant problems due to the substantial consistency in factual and legal allegations among all Actions. *Id.* (observing that centralization would "prevent inconsistent pretrial rulings on class certification and other issues"). The prospect of inconsistent rulings encourages forum and judge shopping (including, for example, manipulation of non-congruent discovery limits, approaches to electronically stored information, and protective order issues). A single MDL judge coordinating pretrial discovery and ruling on pretrial motions in all these cases at once will help reduce witness inconvenience, the cumulative burden on the courts, and the litigation's overall expense, as well as minimizing this potential for conflicting rulings. *Id.*

Centralization will mitigate these problems by enabling a single judge to manage discovery and the parties to coordinate their efforts. *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019) ("[A] single MDL encompassing [multiple defendants] . . . is necessary to ensure the just and efficient conduct of this litigation."). This will reduce litigation costs and minimize inconvenience to the parties and witnesses, to the benefit of litigants, third parties, and the courts. *See id.* at 1354 ("centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."); *In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 109 F. Supp. 3d 1382, 1383 (J.P.M.L. 2015) ("Centralization will . . . conserve the resources of the parties, their counsel and the judiciary."). Centralizing these Actions under

Section 1407 "will promote [their] just and efficient conduct." 28 U.S.C. §1407.

Here, the vulnerabilities of the Salesforce software and how the ransomware attacks were perpetrated around the same period of time against the various "spoke" defendants is the nexus unifying the Actions and making them appropriate for centralization. Regardless of whether each "spoke" hack was carried out separately, the same ransomware gang reportedly was responsible and used the same method of attack to gain access to Plaintiffs' and class members' personal information. Salesforce and its clients are all liable as a result of their collective failure to implement and enforce more robust security protocols, which would have provided sufficient safeguards for account verification and protection to prevent the attacks. Salesforce is the "hub" of these failures, as its protocols and guidance for its software security should have been provided to its clients, and those clients then should have independently verified and maintained the same robust security as part of their own internal cybersecurity diligence.

Accordingly, transfer to a single district court is appropriate for the just and efficient resolution of these cases.

## B. The Northern District Of California Is An Appropriate Transferee Forum

In choosing an appropriate transferee forum, the Panel considers: (1) where the largest number of cases is pending; (2) where discovery has occurred; (3) where cases have progressed furthest; (4) the site of the occurrence of the common facts; (5) where the cost and inconvenience will be minimized; and (6) the experience, skill, and caseloads of available judges. MCL, § 20.132 (4th ed. 2004). While several of these criteria are not yet implicated due to the infancy of the actions, the Northern District of California presents the most appropriate forum for the transfer and centralization of the Actions.

The totality of these factors favors the Northern District of California. The entity at the

13

center of these Actions, Salesforce, has its headquarters in Northern California and therefore, the most important witnesses, including Salesforce's data security and information technology personnel, and evidence will likely be in Northern California. Salesforce is the primary and common actor in the Actions—and is a named defendant, or provided data management services to the defendants, in all of the Actions—and it was Salesforce's products and services that are at the heart of the Data Breach. Salesforce's computers, servers, and systems, including those relating to its cloud storage products and services at the heart of the Data Breach, as well as the corporate employees who are the witnesses most knowledgeable about those systems and the facts surrounding the Data Breach, are most likely to be located in the Bay Area of California.

Large data breaches where numerous actions are filed in multiple districts are transferred and centralized under Section 1407 effectively as a matter of course. And in the vast majority of prior data breach MDLs—including several recent, large "hub and spoke" breaches—the Panel transferred the cases to the district where the defendant is headquartered because the relevant documents, witnesses, and/or breached servers were likely to be located there. *See, e.g., In re Snowflake, Inc., Data Sec. Breach Litig.*, 753 F. Supp. 3d 1368, 1373 (J.P.M.L. 2024) (granting centralization in the venue where the hub defendant "has its principal executive office" and conceded is "an appropriate venue for pretrial proceedings"); *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1407 (J.P.M.L. 2023) (granting motion to transfer and centralize in hub-and-spoke data breach and transferring to D. Mass. because the principal actor and defendant, and "the owner of the MOVEit file transfer software, Progress Software Corp., is headquartered in Burlington, Massachusetts. Relevant employees likely are based in this district, where potentially relevant databases, documents, witnesses, and other evidence also may be found."); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d at 1374–75

(transferring to D. Md. because, e.g., "Marriott is headquartered in that district, and relevant documents and witnesses thus likely will be found there."); *In re Capital One Customer Data Sec. Breach Litig.*, 396 F. Supp. 3d 1364, 1365 (J.P.M.L. 2019) (transferring to E.D. Va. because, e.g., "Capital One is headquartered within this district . . . and . . . relevant documents and witnesses will be found there."). This litigation has a strong nexus to California, further supporting transfer to the Northern District of California. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 291 F. Supp. 3d 1371, 1372 (J.P.M.L. 2018) (transferring and centralizing proceedings in Northern District of California because "[t]his district *has a strong connection* to these cases." (emphasis added)).

The other factors are less relevant in the Panel's analysis here, as many more "hub" and/or "spoke" class actions likely will be filed in various jurisdictions between the filing of this petition and when the matter is heard, which will change the landscape of where most cases have been filed. Further, discovery has not yet occurred in any case, and no defendant has answered or otherwise responded to the complaint in any Action. Ultimately, the Panel has often found the location of the primary defendant's headquarters, key documents, and witnesses to be the single most important factor in choosing a transferee venue. The headquarters, document, and witness locations of the other, "spoke" defendants are less important, as those forums are much less likely to have the evidence related to the underlying cause of the "hub" defendant's data vulnerabilities, nor will they have any evidence about other "spoke" defendants who reside in other jurisdictions.

Specifically, the evidence of Salesforce's failure to implement and maintain more robust security practices for protection and authorization of its software accounts is most likely to be found where Salesforce and its employees are headquartered. This failure originated with Salesforce and then continued with each of the spoke defendants in their failure to independently

vet and strengthen their own security protocols in using Salesforce's software to combat and prevent the Data Breach.

As the Panel has noted many times, the Northern District of California is a convenient location for MDL proceedings. *See, e.g., In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353, 1355 (J.P.M.L. 2016) ("parties agree that [the Northern District of California] will serve the convenience of the parties and witnesses."); *In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("We select the Northern District of California as the appropriate transferee district for this litigation. . . .The Northern District of California is both convenient and easily accessible for all parties . . . ."). It is common knowledge that the judiciary in the Northern District is well versed in MDL proceedings and offers some of the most experienced MDL judges in the country.

Further, Plaintiff Scott's first-filed case against Salesforce has been assigned to the Honorable Jacqueline Scott Corley, who has extensive MDL experience both as a district judge and previously as a magistrate judge in the Northern District of California. *See generally In re: Baby Food Prods. Liab. Litig.*, MDL No. 3101 JSC (N.D. Cal.); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC) (N.D. Cal.); *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, MDL No. 2843 VC (JSC) (N.D. Cal.). Judge Jacqueline Scott Corley's expertise in overseeing complex and high-profile cases, including numerous MDLs, makes her particularly well-equipped, and an excellent choice, to handle this centralized litigation.

The totality of circumstances supports transfer and centralization in the Northern District of California.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs Malcolm Scott, Zenaida Medina, Eliot Canick, Dwhitney Emanuel, Cynthia Montalvan, and Susan Styer respectfully request that the Motion be granted and that the Panel transfer the Actions, as well as any future tag-along actions, to the Honorable Jacqueline Scott Corley in the Northern District of California for consolidated or coordinated pretrial proceedings under 28 U.S.C. § 1407.

Dated: August 29, 2025

Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson
Robert Ahdoot
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
T: (310) 474-9111
F: (310) 474-8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
T: (866) 252-0878
gklinger@milberg.com

Counsel for Plaintiff Malcolm Scott and the
Proposed Class in *Scott v. Salesforce et al.*, No.
3:25-cv-7232 (N.D. Cal.); *Scott v. Farmers
Insurance Exchange et al.*, No. 2:25-cv-8032 (C.D.
Cal.)

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
T: (954) 332-4200
ostrow@kolawyers.com

17

Counsel for Plaintiff Zenaida Medina and the
Proposed Class in *Medina v. Salesforce, Inc. et al.*,
No. 3:25-cv-7245 (N.D. Cal.)

Joseph W. Cotchett
Thomas E. Loeser
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200
Burlingame, CA 94010
T: (650) 697-6000
jcotchett@cpmlegal.com
tloeser@cpmlegal.com

Counsel for Plaintiffs Eliot Canick, Dwhitney
Emanuel, Cynthia Montalvan, and Susan Styer and
the Proposed Class in *Canick et al. v. Salesforce,
Inc. et al.*, No. 3:25-cv-7306 (N.D. Cal.)

**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: SALESFORCE, INC. DATA SECURITY BREACH LITIGATION | MDL No. _____ |

## SCHEDULE OF ACTIONS

| # | Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| 1 | **Plaintiff:** Malcolm Scott <br><br> **Defendants:** SALESFORCE, INC. | U.S. District Court, Northern District of California | 3:25-cv-07232 | Judge Jacqueline Scott Corley |
| 2 | **Plaintiff:** Zenaida Medina <br><br> **Defendants:** SALESFORCE, INC. and FARMERS GROUP, INC. | U.S. District Court, Northern District of California | 3:25-cv-07245 | Magistrate Judge Laurel Beeler |
| 3 | **Plaintiff:** Eliot Canick, Dwhitney Emanuel, Cynthia Montalvan, Susan Styer <br><br> **Defendants:** SALESFORCE, INC., ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., FARMERS NEW WORLD LIFE INSURANCE COMPANY | U.S. District Court, Northern District of California | 3:25-cv-07306 | Magistrate Judge Sallie Kim |

| 4 | **Plaintiff:**<br>Lauren Morgan<br><br>**Defendants:**<br>SALESFORCE, INC. | U.S. District Court, Northern District of California | 4:25-cv-07318 | Magistrate Judge Kandis A. Westmore |
|---|---|---|---|---|
| 5 | **Plaintiffs:**<br>Beata Toikach<br><br>**Defendants:**<br>CHRISTIAN DIOR, INC. and CHRISTIAN DIOR COUTURE SAS | U.S. District Court, Southern District of New York | 1:25-cv-06055 | Judge Jeannette A. Vargas |
| 6 | **Plaintiff:**<br>Michael Toikach<br><br>**Defendants:**<br>CHRISTIAN DIOR, INC. and CHRISTIAN DIOR COUTURE SAS | U.S. District Court, Southern District of New York | 1:25-cv-06058 | Judge John G. Koeltl |
| 7 | **Plaintiff:**<br>Scott Holland<br><br>**Defendant:**<br>CHRISTIAN DIOR, INC. and CHRISTIAN DIOR COUTURE SAS | U.S. District Court, Southern District of New York | 1:25-cv-06200 | Judge Ronnie Abrams |
| 8 | **Plaintiffs:**<br>Raveen Bhatt, Portia Marie Smithson<br><br>**Defendants:**<br>CHRISTIAN DIOR, INC. and CHRISTIAN DIOR COUTURE SAS | U.S. District Court, Southern District of New York | 1:25-cv-06205 | Judge Mary Kay Vyskocil |
| 9 | **Plaintiff:**<br>Ralph Nguyen<br><br>**Defendants:**<br>CHRISTIAN DIOR, INC. | U.S. District Court, Southern District of New York | 1:25-cv-06270 | Judge Lewis J. Liman |

| 10 | **Plaintiff:** Andy Ansryan<br><br>**Defendants:** CHRISTIAN DIOR, INC. and CHRISTIAN DIOR COUTURE SAS | U.S. District Court, Southern District of New York | 1:25-cv-06705 | Judge Valerie E. Caproni |
|---|---|---|---|---|
| 11 | **Plaintiff:** Cheryl Butler-Adams<br><br>**Defendants:** LOUIS VUITTON NORTH AMERICA, INC. | U.S. District Court, Southern District of New York | 1:25-cv-07109 | Judge Analisa Torres |
| 12 | **Plaintiff:** Emmanuel Miamen, Tiffany Hawes<br><br>**Defendants:** LOUIS VUITTON NORTH AMERICA, INC. | U.S. District Court, Southern District of New York | 1:25-cv-07183 | Unassigned |
| 13 | **Plaintiff:** Dwhitney Emanuel<br><br>**Defendant:** FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC. | U.S. District Court, Central District of California | 2:25-cv-07972 | Judge Michael W. Fitzgerald |
| 14 | **Plaintiffs:** James Schwartz<br><br>**Defendants:** FARMERS GROUP, INC. D/B/A FARMERS INSURANCE EXCHANGE | U.S. District Court, Central District of California | 2:25-cv-08021 | Unassigned |

3

| 15 | **Plaintiffs:**<br>Malcom Scott<br><br>**Defendants:**<br>FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC. | U.S. District Court, Central District of California | 2:25-cv-08032 | Unassigned |
|----|---|---|---|---|
| 16 | **Plaintiff:**<br>Jim Milstead, Mitchell Szydlowski<br><br>**Defendants:**<br>FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., FARMERS NEW WORLD LIFE INSURANCE COMPANY | U.S. District Court, Central District of California | 2:25-cv-08062 | Unassigned |
| 17 | **Plaintiffs:**<br>Cynthia Montalvan, Susan Styer<br><br>**Defendants:**<br>FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., FARMERS NEW WORLD LIFE INSURANCE COMPANY | U.S. District Court, Central District of California | 2:25-cv-08085 | Unassigned |
| 18 | **Plaintiffs:**<br>Len Kovner<br><br>**Defendants:**<br>FARMERS GROUP, INC., FARMERS INSURANCE EXCHANGE | U.S. District Court, Central District of California | 2:25-cv-08120 | Judge Percy Anderson |
| 19 | **Plaintiff:**<br>George Keritsis<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-02777 | Judge Katherine M. Menendez |

| 20 | **Plaintiff:**<br>Simeon Taylor<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03020 | Judge Katherine M. Menendez |
|----|----|----|----|----|
| 21 | **Plaintiff:**<br>Jesus Lopez<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03052 | Judge Katherine M. Menendez |
| 22 | **Plaintiff:**<br>Juanita Hodges<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03080 | Judge Katherine M. Menendez |
| 23 | **Plaintiff:**<br>Sylvia Herrera<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03100 | Judge Katherine M. Menendez |
| 24 | **Plaintiff:**<br>Cheryl Marotta, David Werner<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03109 | Judge Katherine M. Menendez |

| 25 | **Plaintiff:**<br>David Ogden<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03111 | Judge Katherine M. Menendez |
|----|----|----|----|----|
| 26 | **Plaintiff:**<br>Jason Thompson<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03118 | Judge Katherine M. Menendez |
| 27 | **Plaintiff:**<br>Richard Manuel Fematt<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03133 | Judge Katherine M. Menendez |
| 28 | **Plaintiff:**<br>Janet Goldman<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03135 | Judge Katherine M. Menendez |
| 29 | **Plaintiff:**<br>Sheila Lennon<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03139 | Judge Katherine M. Menendez |

| 30 | **Plaintiff:** Eliot Canick **Defendants:** ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03141 | Judge Katherine M. Menendez |
|----|----|----|----|----|
| 31 | **Plaintiff:** Rebecca Latronico, Miriam Freiberg **Defendants:** ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03159 | Judge Katherine M. Menendez |
| 32 | **Plaintiff:** Susan Hansch **Defendants:** ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03207 | Judge Laura M. Provinzino |
| 33 | **Plaintiff:** Paul Berger **Defendants:** ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03221 | Judge Katherine M. Menendez |
| 34 | **Plaintiff:** Danny Graham **Defendants:** ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03224 | Judge Katherine M. Menendez |

| 35 | **Plaintiff:**<br>Glena Butler<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE<br>COMPANY OF NORTH<br>AMERICA | U.S. District Court,<br>District of Minnesota | 0:25-cv-03228 | Judge Katherine<br>M. Menendez |
|---|---|---|---|---|
| 36 | **Plaintiff:**<br>Joel Zabriskie<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE<br>COMPANY OF NORTH<br>AMERICA | U.S. District Court,<br>District of Minnesota | 0:25-cv-03231 | Judge Katherine<br>M. Menendez |
| 37 | **Plaintiff:**<br>Bradley Anderson<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE<br>COMPANY OF NORTH<br>AMERICA | U.S. District Court,<br>District of Minnesota | 0:25-cv-03235 | Judge Katherine<br>M. Menendez |
| 38 | **Plaintiff:**<br>Dianne LaMarre<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE<br>COMPANY OF NORTH<br>AMERICA | U.S. District Court,<br>District of Minnesota | 0:25-cv-03237 | Judge Katherine<br>M. Menendez |
| 39 | **Plaintiffs:**<br>Michael Roaldi, Beth<br>Satterthwaite<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE<br>COMPANY OF NORTH<br>AMERICA | U.S. District Court,<br>District of Minnesota | 0:25-cv-03244 | Judge Katherine<br>M. Menendez |

| 40 | **Plaintiff:**<br>Daniel Robinson<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03251 | Judge Katherine M. Menendez |
|----|----|----|----|----|
| 41 | **Plaintiff:**<br>Michelle Colgan<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03285 | Judge Katherine M. Menendez |
| 42 | **Plaintiff:**<br>Jamie Giuliani<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03291 | Judge Katherine M. Menendez |
| 43 | **Plaintiff:**<br>Tiffany Crownover<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03308 | Judge Katherine M. Menendez |
| 44 | **Plaintiffs:**<br>John Thomas and Janet Thomas<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03313 | Judge Katherine M. Menendez |

| 45 | **Plaintiff:**<br>Steven Powers<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, District of Minnesota | 0:25-cv-03328 | Judge Katherine M. Menendez |
|----|----|----|----|----|
| 46 | **Plaintiff:**<br>Kim Gress<br><br>**Defendants:**<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | U.S. District Court, Northern District of Ohio | 1:25-cv-01774 | Judge J. Phillip Calabrese |
| 47 | **Plaintiff:**<br>Daniel Snelgrove<br><br>**Defendants:**<br>TRANSUNION, LLC | U.S. District Court, Northern District of Illinois | 1:25-cv-10320 | Judge Franklin U. Valderrama |
| 48 | **Plaintiff:**<br>Tina Ihrke, Jo Joaquim<br><br>**Defendants:**<br>TRANSUNION, LLC | U.S. District Court, Northern District of Illinois | 1:25-cv-10321 | Judge Manish S. Shah |

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: SALESFORCE, INC. DATA SECURITY BREACH LITIGATION | MDL No. _____ |

## AMENDED PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel

on Multidistrict Litigation, I hereby certify that copies of the foregoing Motion to Transfer,

Memorandum in Support of Centralization and Transfer, Schedule of Actions, and Certificate of

Service were served on all parties in the following cases as indicated in **Exhibit A**. I further certify

that copies of the foregoing Motion to Transfer, Memorandum in Support of Centralization and

Transfer, Schedule of Actions, and Certificate of Service were served on the clerks of the district

courts as indicated in **Exhibit A**.

Dated: September 3, 2025

                          */s/ Tina Wolfson*
                          Tina Wolfson
                          Robert Ahdoot
                          **AHDOOT & WOLFSON, PC**
                          2600 W. Olive Avenue, Suite 500
                          Burbank, CA 91505-4521
                          T: (310) 474-9111
                          F: (310) 474-8585
                          twolfson@ahdootwolfson.com
                          rahdoot@ahdootwolfson.com

                          Gary M. Klinger
                          **MILBERG COLEMAN BRYSON**
                          **PHILLIPS GROSSMAN PLLC**
                          227 W. Monroe Street, Suite 2100
                          Chicago, IL 60606
                          T: (866) 252-0878
                          gklinger@milberg.com

                          Counsel for Plaintiff Malcolm Scott and the Proposed
                          Class in *Scott v. Salesforce et al.*, No. 3:25-cv-7232
                          (N.D. Cal.); *Scott v. Farmers Insurance Exchange et*
                          *al.*, No. 2:25-cv-8032 (C.D. Cal.)

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
T: (954) 332-4200
ostrow@kolawyers.com

Counsel for Plaintiff Zenaida Medina and the
Proposed Class in *Medina v. Salesforce, Inc. et al.*,
No. 3:25-cv-7245 (N.D. Cal.)

Joseph W. Cotchett
Thomas E. Loeser
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Rd #200
Burlingame, CA 94010
T: (650) 697-6000
jcotchett@cpmlegal.com
tloeser@cpmlegal.com

Counsel for Plaintiffs Eliot Canick, Dwhitney
Emanuel, Cynthia Montalvan, and Susan Styer and the
Proposed Class in *Canick et al. v. Salesforce, Inc. et
al.*, No. 3:25-cv-7306 (N.D. Cal.)

## EXHIBIT A

| | |
|---|---|
| **1. *Scott v. Salesforce, Inc.*, No. 3:25-cv-07232 (N.D. Cal.)** | |
| *__Via Electronic Mail__* | *__Via First-Class Mail__* |
| **Counsel for Plaintiff Malcolm Scott** | **Defendants** |
| Tina Wolfson<br>Robert Ahdoot<br>**AHDOOT & WOLFSON, PC**<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>T: (310) 474-9111<br>F: (310) 474-8585<br>twolfson@ahdootwolfson.com<br>rahdoot@ahdootwolfson.com | **Salesforce, Inc.**<br>c/o CT Corporation System<br>330 N. Brand Blvd., Suite 700<br>Glendale, CA 91203 |
| Bradley K. King<br>**AHDOOT & WOLFSON, PC**<br>521 Fifth Avenue, 17th Floor<br>New York, NY 10175<br>T: (917) 336-0171<br>F: (917) 336-0177<br>bking@ahdootwolfson.com | |
| John J. Nelson<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>280 South Beverly Drive<br>Beverly Hills, CA 90212<br>T: (858) 209-6941<br>jnelson@milberg.com | |
| Gary M. Klinger<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>T: (866) 252-0878<br>gklinger@milberg.com | |
| William "Billy" Peerce Howard<br>**THE CONSUMER PROTECTION FIRM, PLLC**<br>401 East Jackson Street, Suite 2340<br>Truist Place | |

| | |
|---|---|
| Tampa, FL 33602<br>T: (813) 500-1500<br>billy@TheConsumerProtectionFirm.com | |

**2. *Medina v. Salesforce, Inc. et al.*, No. 3:25-cv-07245 (N.D. Cal.)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Zenaida Medina** | **Defendants** |
| Kristen Lake Cardoso<br>Jeff Ostrow<br>**KOPELOWITZ OSTROW, P.A.**<br>One West Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>T: (954) 525-4100<br>cardoso@kolawyers.com<br>ostrow@kolawyers.com | **Salesforce, Inc.**<br>c/o CT Corporation System<br>330 N. Brand Blvd., Suite 700<br>Glendale, CA 91203<br><br>**Farmers Group, Inc.**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367 |
| John J. Nelson<br>**MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC**<br>280 South Beverly Drive<br>Beverly Hills, CA 90212<br>T: (858) 209-6941<br>jnelson@milberg.com | |

**3. *Canick et al. v. Salesforce, Inc. et al.*, No. 3:25-cv-07306 (N.D. Cal.)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiffs Eliot Canick,<br>Dwhitney Emanuel, Cynthia Montalvan<br>and Susan Styer** | **Defendants** |
| Joseph W. Cotchett<br>Thomas E. Loeser<br>Adam J Zapala<br>**COTCHETT, PITRE &<br>McCARTHY, LLP**<br>840 Malcolm Rd #200<br>Burlingame, CA 94010<br>T: (650) 697-6000<br>jcotchett@cpmlegal.com<br>tloeser@cpmlegal.com<br>azapala@cpmlegal.com | **Salesforce, Inc.**<br>c/o CT Corporation System<br>330 N. Brand Blvd., Suite 700<br>Glendale, CA 91203<br><br>**Allianz Life Insurance Company of North<br>America**<br>5701 Golden Hills Drive<br>Minneapolis, MN 55416<br><br>**Farmers Insurance Exchange**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367 |

| Karin B. Swope<br>Andrew J. Fuller<br>**COTCHETT, PITRE &**<br>  **McCARTHY, LLP**<br>1809 7th Avenue, Suite 1610<br>Seattle, WA 98101<br>T: (206) 802-1272<br>F: (206) 299-4184<br>kswope@cpmlegal.com<br>afuller@cpmlegal.com | **Farmers Group, Inc.**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers New World Life Insurance Company**<br>c/o CSC – Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
|---|---|

### 4. *Morgan v. Salesforce Inc.*, No. 4:25-cv-07318 (N.D. Cal.)

| *Via Electronic Mail*<br><br>**Counsel for Plaintiff Lauren Morgan**<br><br>Andrew G. Gunem<br>**STRAUSS BORRELLI PLLC**<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>T: (872) 263-1100<br>F: (872) 263-1109<br>agunem@straussborrelli.com | *Via First-Class Mail*<br><br>**Defendants**<br><br>**Salesforce Inc.**<br>c/o CT Corporation System<br>330 N. Brand Blvd., Suite 700<br>Glendale, CA 91203 |
|---|---|

### 5. *Toikach v. Christian Dior, Inc. et al.*, No. 1:25-cv-06055 (S.D.N.Y.)

| *Via Electronic Mail*<br><br>**Counsel for Plaintiff Beata Toikach**<br><br>Vicki J. Maniatis<br>**MILBERG COLEMAN BRYSON**<br>**PHILLIPS GROSSMAN, PLLC**<br>405 East 50th Street<br>New York, NY 10022<br>T: (516) 491-4665<br>vmaniatis@milberg.com<br><br>Gary M. Klinger<br>**MILBERG COLEMAN BRYSON**<br>**PHILLIPS GROSSMAN, PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>T: (866) 252-0878<br>gklinger@milberg.com | *Via Electronic Mail*<br><br>**Counsel for Defendant Christian Dior, Inc.**<br><br>Mylan Lee Denerstein<br>**GIBSON, DUNN & CRUTCHER, LLP**<br>200 Park Avenue<br>New York, NY 10166<br>T: (212) 351-3850<br>F: (212) 351-6350<br>mdenerstein@gibsondunn.com<br><br>*Via First-Class Mail*<br><br>**Defendants**<br><br>**Christian Dior Couture SAS**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |
|---|---|

| | |
|---|---|
| **6. _Toikach v. Christian Dior, Inc. et al._, No. 1:25-cv-06058 (S.D.N.Y.)** | |
| _**Via Electronic Mail**_ | _**Via First-Class Mail**_ |
| **Counsel for Plaintiff Michael Toikach** | **Defendants** |
| Courtney Elizabeth Maccarone<br>**KOPELOWITZ OSTROW, P.A.**<br>One W. Las Olas Blvd., Suite 500<br>Fort Lauderdale, FL 33301<br>T: 954-525-4100<br>maccarone@kolawyers.com | **Christian Dior, Inc.**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207<br><br>**Christian Dior Couture SAS**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |
| **7. _Holland v. Christian Dior, Inc. et al._, No. 1:25-cv-06200 (S.D.N.Y.)** | |
| _**Via Electronic Mail**_ | _**Via Electronic Mail**_ |
| **Counsel for Plaintiff Scott Holland** | **Counsel for Defendant Christian Dior, Inc.** |
| Amber Love Schubert<br>**SCHUBERT JONCKHEER**<br>**& KOLBE LLP**<br>2001 Union Street, Suite 200<br>San Francisco, CA 94123<br>T: (415) 788-4220<br>F: (415) 788-0161<br>aschubert@sjk.law<br><br>Laurie Rubinow<br>James C. Shah<br>**MILLER SHAH LLP**<br>65 Main Street<br>Chester, CT 06412<br>T: (866) 540-5505<br>F: (866) 300-7367<br>lrubinow@millershah.com<br>jcshah@millershah.com | Mylan Lee Denerstein<br>**GIBSON, DUNN & CRUTCHER, LLP**<br>200 Park Avenue<br>New York, NY 10166<br>T: (212) 351-3850<br>F: (212) 351-6350<br>mdenerstein@gibsondunn.com<br><br>_**Via First-Class Mail**_<br><br>**Defendants**<br><br>**Christian Dior Couture SAS**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |

**8.** *Bhatt et al. v. Christian Dior, Inc. et al.*, No. 1:25-cv-06205 (S.D.N.Y.)

| | |
|---|---|
| <u>**Via Electronic Mail**</u> | <u>*Via Electronic Mail*</u> |
| **Counsel for Plaintiffs Raveen Bhatt and Portia Marie Smithson** | **Counsel for Defendant Christian Dior, Inc.** |
| John Hunter Bryson<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>900 W. Morgan St.<br>Raleigh, NC 27603<br>T: (919) 600-5000<br>F: (919) 600-5035<br>hbryson@milberg.com | Mylan Lee Denerstein<br>**GIBSON, DUNN & CRUTCHER, LLP**<br>200 Park Avenue<br>New York, NY 10166<br>T: (212) 351-3850<br>F: (212) 351-6350<br>mdenerstein@gibsondunn.com |
| Robert R. Jimenez<br>**BRYSON HARRIS SUCIU & DEMAY PLLC**<br>201 Sevilla Avenue, Suite 200<br>Coral Gables, FL 33134<br>T: (786) 282-1314<br>Rjimenez@brysonpllc.com | <u>*Via First-Class Mail*</u><br><br>**Defendants**<br><br>**Christian Dior Couture SAS**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |
| Scott Jourdan Falgoust<br>**BRYSON HARRIS SUCIU & DEMAY PLLC**<br>800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929<br>T: (212) 631-8605<br>sfalgoust@brysonpllc.com | |
| Jason P. Sultzer<br>**SULTZER & LIPARI, PLLC**<br>85 Civic Center Plaza, Suite 200<br>Poughkeepsie, NY 12601<br>T: (845) 483-7100<br>F: (888) 749-7747<br>sultzerj@thesultzerlawgroup.com | |

| 9. *Nguyen v. Christian Dior, Inc.*, No. 1:25-cv-06270 (S.D.N.Y.) | |
|---|---|
| *Via Electronic Mail* | *Via Electronic Mail* |
| **Counsel for Plaintiff Ralph Nguyen** | **Counsel for Defendant Christian Dior, Inc.** |
| Zane Charles Hedaya<br>**THE LAW OFFICES OF JIBRAEL S. HINDI**<br>1515 NE 26th St.<br>Wilton Manors, FL 33305<br>T: 813-340-8838<br>zane@jibraellaw.com<br><br>Manuel S. Hiraldo<br>**HIRALDO P.A.**<br>401 E. Las Olas Blvd., Suite 1400<br>Ft. Lauderdale, FL 33301<br>T: (954) 400-4713<br>mhiraldo@hiraldolaw.com | Mylan Lee Denerstein<br>**GIBSON, DUNN & CRUTCHER, LLP**<br>200 Park Avenue<br>New York, NY 10166<br>T: (212) 351-3850<br>F: (212) 351-6350<br>mdenerstein@gibsondunn.com |

| 10. *Ansryan v. Christian Dior, Inc. et al.*, No. 1:25-cv-06705 (S.D.N.Y.) | |
|---|---|
| *Via Electronic Mail* | *Via First-Class Mail* |
| **Counsel for Plaintiff Andy Ansryan** | **Defendants** |
| Nicholas A. Migliaccio<br>**MIGLIACCIO LAW FIRM PLLC**<br>438 16th Street SE<br>Washington, DC 20003<br>T: (202) 470-3520<br>F: (202) 800-2730<br>nmigliaccio@classlawdc.com | **Christian Dior, Inc.**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207<br><br>**Christian Dior Couture SAS**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |

**11. *Butler-Adams v. Louis Vuitton North America, Inc.*, No. 1:25-cv-07109 (S.D.N.Y.)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Cheryl Butler-Adams** | **Defendants** |
| Sonal Jain<br>**SIRI & GLIMSTAD LLP**<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151<br>T: (212) 532-1091<br>sjain@sirillp.com<br><br>Daniel Srourian<br>**SROURIAN LAW FIRM, P.C.**<br>468 N. Camden Drive Suite 200<br>Beverly Hills, CA 90210<br>T: (213) 474-3800<br>F: (213) 471-4160<br>daniel@slfla.com | **Louis Vuitton North America, Inc.**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |

**12. *Miamen et al. v. Louis Vuitton North America, Inc.*, No. 1:25-cv-07183 (S.D.N.Y.)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Emmanuel Miamen and Tiffany Hawes** | **Defendants** |
| Martha A. Geer<br>**BRYSON HARRIS SUCIU & DeMAY PLLC**<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>T: (206) 623-7292<br>mgeer@brysonpllc.com<br><br>Robert R. Jimenez<br>J. Hunter Bryson<br>Scott J. Falgoust<br>**BRYSON HARRIS SUCIU & DeMAY PLLC**<br>201 Sevilla Avenue, 2nd Floor<br>Coral Gables, FL 33134<br>T: (786) 206-7896<br>rjimenez@brysonpllc.com<br>hbryson@brysonpllc.com<br>sfalgoust@brysonpllc.com | **Louis Vuitton North America, Inc.**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |

**13.** *Emanuel v. Farmers Insurance Exchange et al.*, No. 2:25-cv-07972 (C.D. Cal.)

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Dwhitney Emanuel** | **Defendants** |
| Thomas E. Loeser<br>**COTCHETT PITRE & MCCARTHY LLP**<br>1809 7th Avenue, Suite 1610<br>Seattle, WA 98101<br>T: (206) 802-1272<br>F: (206) 299-4184<br>tloeser@cpmlegal.com | **Farmers Insurance Exchange**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers Group, Inc.**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367 |
| Edward J. Wynne<br>George R. Nemiroff<br>**WYNNE LAW FIRM**<br>80 East Sir Francis Drake Blvd., Suite 3G<br>Larkspur, CA 94939<br>T: (415) 461-6400<br>F: (415) 461-3900<br>ewynne@wynnelawfirm.com<br>gnemiroff@wynnelawfirm.com | |
| James F. Clapp<br>Jamie N. Herrick<br>**CLAPP & LAUINGER, LLP**<br>701 Palomar Airport Rd., Suite 300<br>Carlsbad, CA 92011<br>T: (760) 209-6565<br>F: (760) 209-6565<br>jclapp@clapplegal.com<br>jherrick@clapplegal.com | |

**14.** *Schwartz v. Farmers Group, Inc. d/b/a Farmers Insurance Exchange*, No. 2:25-cv-08021 (C.D. Cal.)

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff James Schwartz** | **Defendants** |
| Andrew G. Gunem<br>**STRAUSS BORRELLI PLLC**<br>980 N. Michigan Ave., Suite 1610<br>Chicago, IL 60611<br>T: (872) 263-1100<br>F: (872) 263-1109<br>agunem@straussborrelli.com | **Farmers Group, Inc. d/b/a Farmers Insurance Exchange**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367 |

| 15. *Scott v. Farmers Insurance Exchange et al.*, No. 2:25-cv-08032 (C.D. Cal.) | |
|---|---|
| ***Via Electronic Mail*** | ***Via First-Class Mail*** |
| **Counsel for Plaintiff Malcolm Scott** | **Defendants** |
| Tina Wolfson<br>**AHDOOT & WOLFSON, PC**<br>2600 West Olive Avenue, Suite 500<br>Burbank, CA 91505<br>T: (310) 474-9111<br>F: (310) 474-8585<br>twolfson@ahdootwolfson.com | **Farmers Insurance Exchange**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers Group, Inc.**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367 |
| Bradley K. King<br>**AHDOOT & WOLFSON, PC**<br>521 Fifth Avenue, 17th Floor<br>New York, NY 10175<br>T: (917) 336-0171<br>F: (917) 336-0177<br>bking@ahdootwolfson.com | |
| John J. Nelson<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>280 South Beverly Drive<br>Beverly Hills, CA 90212<br>T: (858) 209-6941<br>jnelson@milberg.com | |
| William "Billy" Peerce Howard<br>**THE CONSUMER PROTECTION FIRM, PLLC**<br>401 East Jackson Street, Suite 2340<br>Truist Place<br>Tampa, FL 33602<br>T: (813) 500-1500<br>billy@TheConsumerProtectionFirm.com | |

| **16.** *Milstead et al. v. Farmers Insurance Exchange et al.*, No. 2:25-cv-08062 (C.D. Cal.) | |
|---|---|
| ***Via Electronic Mail*** | ***Via First-Class Mail*** |
| **Counsel for Plaintiffs Jim Milstead and Mitchell Szydlowski** | **Defendants** |
| Trenton R Kashima<br>402 W. Broadway, Suite 1760<br>San Diego, CA 92101-8546<br>T: (619) 810-7047<br>tkashima@brysonpllc.com | **Farmers Insurance Exchange**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers Group, Inc.**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers New World Life Insurance Company**<br>c/o CSC – Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| **17.** *Montalvan et al. v. Farmers Insurance Exchange et al.*, No. 2:25-cv-08085 (C.D. Cal.) | |
| ***Via Electronic Mail*** | ***Via First-Class Mail*** |
| **Counsel for Plaintiffs Cynthia Montalvan and Susan Styer** | **Defendants** |
| James F. Clapp<br>Jamie N. Herrick<br>**CLAPP LEGAL APC**<br>701 Palomar Airport Road, Suite 300<br>Carlsbad, CA 92011<br>T: (760) 209-6565<br>F: (760) 209-6565<br>jclapp@clapplegal.com<br>jherrick@clapplegal.com<br><br>Edward J. Wynne<br>George R. Nemiroff<br>**WYNNE LAW FIRM**<br>80 East Sir Francis Drake Blvd., Suite 3G<br>Larkspur, CA 94939<br>T: (415) 461-6400<br>F: (415) 461-3900<br>ewynne@wynnelawfirm.com<br>gnemiroff@wynnelawfirm.com | **Farmers Insurance Exchange**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers Group, Inc.**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers New World Life Insurance Company**<br>c/o CSC – Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |

| | |
|---|---|
| Thomas E. Loeser<br>**COTCHETT PITRE & MCCARTHY LLP**<br>2716 Ocean Park Blvd., Suite 3088<br>Santa Monica, CA 90405<br>T: 206-802-1272<br>tloeser@cpmlegal.com | |

**18. *Kovner v. Farmers Group, Inc. et al.*, No. 2:25-cv-08120 (C.D. Cal.)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Len Kovner** | **Defendants** |
| Todd M. Friedman<br>**LAW OFFICES OF TODD M.**<br>**FRIEDMAN, P.C.**<br>23586 Calabasas Rd., Suite 105<br>Calabasas, CA 91302<br>T: 323-306-4234<br>tfriedman@toddflaw.com | **Farmers Group, Inc.**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367<br><br>**Farmers Insurance Exchange**<br>6301 Owensmouth Ave.<br>Woodland Hills, CA 91367 |
| Mark S. Reich<br>Melissa G. Meyer<br>**LEVI & KORSINSKY, LLP**<br>33 Whitehall Street, 27th Floor<br>New York, NY 10004<br>T: (212) 363-7500<br>F: (212) 363-7171<br>mreich@zlk.com<br>mmeyer@zlk.com | |

**19. *Keritsis v. Allianz Life Insurance Company of North America*, No. 0:25-cv-02777 (D. Minn.)**

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff George Keritsis** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Bryan Bleichner<br>Philip Krzeski<br>**CHESTNUT CAMBRONNE PA**<br>100 Washington Ave. South<br>Minneapolis, MN 55401<br>T: (612) 339-7300<br>F: (612) 336-2940 | Arthur G. Boylan<br>**ANTHONY OSTLUND LOUWAGIE**<br>**DRESSEN & BOYLAN P.A.**<br>60 South Sixth Street, Suite 3900<br>Minneapolis, MN 55402 |

| | |
|---|---|
| bbleichner@chestnutcambronne.com<br>pkrzeski@chestnutcambronne.com<br><br>William B. Federman<br>Jonathan Herrera<br>**FEDERMAN & SHERWOOD**<br>10205 North Pennsylvania Ave.<br>Oklahoma City, OK 73120<br>T: (405) 235-1560<br>F: (405) 239-2112<br>wbf@federmanlaw.com<br>jjh@federmanlaw.com | T: (612) 349-6969<br>aboylan@anthonyostlund.com<br><br>Francis Xavier Nolan, IV<br>**EVERSHEDS SUTHERLAND (US) LLP**<br>1114 Avenue of the Americas, Suite 40th Floor<br>New York, NY 10036<br>T: (212) 389-5083<br>franknolan@eversheds-sutherland.com<br><br>Ian Jones<br>**EVERSHEDS SUTHERLAND (US) LLP**<br>999 Peachtree Street, NE, Suite 2300<br>Atlanta, GA 30309<br>T: (404) 853-8051<br>ianjones@eversheds-sutherland.com |

**20.** *Taylor v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03020 (D. Minn.)

| | |
|---|---|
| ***Via Electronic Mail***<br><br>**Counsel for Plaintiff Simeon Taylor**<br><br>Daniel E. Gustafson<br>Shashi K. Gowda<br>Frances I. Mahoney-Mosedale<br>**GUSTAFSON GLUEK PLLC**<br>120 South Sixth Street #2600<br>Minneapolis, MN 55402<br>T: (612) 333-8844<br>dgustafson@gustafsongluek.com<br>sgowda@gustafsongluek.com<br>fmahoneymosedale@gustafsongluek.com<br><br>Jon Tostrud<br>Anthony Carter<br>**TOSTRUD LAW GROUP, PC**<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>T: (310) 278-2600<br>jtostrud@tostrudlaw.com<br>acarter@tostrudlaw.com | ***Via Electronic Mail***<br><br>**Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE<br>& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com<br><br>Francis Xavier Nolan, IV<br>**EVERSHEDS SUTHERLAND (US) LLP**<br>1114 Avenue of the Americas, Suite 40th Floor<br>New York, NY 10036<br>T: (212) 389-5083<br>franknolan@eversheds-sutherland.com |

## 21. *Lopez v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03052 (D. Minn.)

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Jesus Lopez** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Daniel E. Gustafson | |
| Shashi K. Gowda | Anderson Tuggle |
| Frances I. Mahoney-Mosedale | Larry E. LaTarte |
| **GUSTAFSON GLUEK PLLC** | **FAEGRE DRINKER BIDDLE** |
| 120 South Sixth Street #2600 | **& REATH LLP** |
| Minneapolis, MN 55402 | 2200 Wells Fargo Center |
| T: (612) 333-8844 | 90 S. 7th Street |
| dgustafson@gustafsongluek.com | Minneapolis, MN 55402 |
| sgowda@gustafsongluek.com | T: (612) 766-6822 |
| fmahoneymosedale@gustafsongluek.com | anderson.tuggle@faegredrinker.com |
| | larry.latarte@faegredrinker.com |
| Marc H. Edelson | |
| **EDELSON LECHTZIN LLP** | Francis Xavier Nolan, IV |
| 411 S. State Street, Suite N300 | **EVERSHEDS SUTHERLAND (US) LLP** |
| Newtown, PA 18940 | 1114 Avenue of the Americas, Suite 40th Floor |
| T: (215) 867-2399 | New York, NY 10036 |
| medelson@edelson-law.com | T: (212) 389-5083 |
| | franknolan@eversheds-sutherland.com |

## 22. *Hodges v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03080 (D. Minn.)

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Juanita Hodges** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Daniel E. Gustafson | |
| Shashi K. Gowda | Anderson Tuggle |
| Frances I. Mahoney-Mosedale | Larry E. LaTarte |
| **GUSTAFSON GLUEK PLLC** | **FAEGRE DRINKER BIDDLE** |
| 120 South Sixth Street #2600 | **& REATH LLP** |
| Minneapolis, MN 55402 | 2200 Wells Fargo Center |
| T: (612) 333-8844 | 90 S. 7th Street |
| dgustafson@gustafsongluek.com | Minneapolis, MN 55402 |
| sgowda@gustafsongluek.com | T: (612) 766-6822 |
| fmahoneymosedale@gustafsongluek.com | anderson.tuggle@faegredrinker.com |
| | larry.latarte@faegredrinker.com |
| James F. Woods | |
| Annie E. Causey | Francis Xavier Nolan, IV |
| **WOODS LONERGAN PLLC** | **EVERSHEDS SUTHERLAND (US) LLP** |
| One Grand Central Place | 1114 Avenue of the Americas, Suite 40th Floor |

| | |
|---|---|
| 60 East 42nd Street, Suite 1410<br>New York, NY 10165<br>T: (212) 684-2500<br>jwoods@woodslaw.com<br>acausey@woodslaw.com<br><br>Erik H. Langeland<br>**ERIK H. LANGELAND, P.C.**<br>733 Third Avenue, 16th Floor<br>New York, NY 10017<br>T: (212) 354-6270<br>elangeland@langelandlaw.com | New York, NY 10036<br>T: (212) 389-5083<br>franknolan@eversheds-sutherland.com |

### 23. *Herrera v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03100 (D. Minn.)

| | |
|---|---|
| *Via Electronic Mail*<br><br>**Counsel for Plaintiff Sylvia Herrera**<br><br>Philip J. Krzeski<br>**CHESTNUT CAMBRONNE PA**<br>100 Washington Ave. S., Suite 1700<br>Minneapolis, MN 55401<br>T: (612) 339-7300<br>pkrzeski@chestnutcambronne.com<br><br>John J. Nelson<br>**MILBERG COLEMAN BRYSON**<br>**PHILLIPS GROSSMAN, PLLC**<br>402 W Broadway, Suite 1760<br>San Diego, CA 92101<br>T: (858) 209-6941<br>jnelson@milberg.com | *Via Electronic Mail*<br><br>**Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE**<br>**& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

### 24. *Marotta et al. v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03109 (D. Minn.)

| | |
|---|---|
| *Via Electronic Mail*<br><br>**Counsel for Plaintiffs Cheryl Marotta and David Werner**<br><br>Brian C. Gudmundson<br>Michael J. Laird | *Via Electronic Mail*<br><br>**Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle |

| Madison M. DeMaris | Larry E. LaTarte |
|---|---|
| **ZIMMERMAN REED LLP** | **FAEGRE DRINKER BIDDLE** |
| 1100 IDS Center, 80 South 8th Street | **& REATH LLP** |
| Minneapolis, MN 55402 | 2200 Wells Fargo Center |
| T: (612) 341-0400 | 90 S. 7th Street |
| brian.gudmundson@zimmreed.com | Minneapolis, MN 55402 |
| michael.laird@zimmreed.com | T: (612) 766-6822 |
| madison.demaris@zimmreed.com | anderson.tuggle@faegredrinker.com |
| | larry.latarte@faegredrinker.com |

**25. *Ogden v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03111 (D. Minn.)**

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff David Ogden** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Anthony P. Chester | |
| **CHESTER LAW PLLC** | Anderson Tuggle |
| 8400 Normandale Lake Blvd., Suite 920 | Larry E. LaTarte |
| Bloomington, MN 55437 | **FAEGRE DRINKER BIDDLE** |
| T: (612) 488-2110 | **& REATH LLP** |
| tony@chester.law | 2200 Wells Fargo Center |
| | 90 S. 7th Street |
| Abbas Kazerounian | Minneapolis, MN 55402 |
| Mona Amini | T: (612) 766-6822 |
| **KAZEROUNI LAW GROUP, APC** | anderson.tuggle@faegredrinker.com |
| 245 Fischer Ave., Unit D1 | larry.latarte@faegredrinker.com |
| Costa Mesa, CA 92626 | |
| T: (800) 400-6808 | |
| ak@kazlg.com | |
| mona@kazlg.com | |
| | |
| Melissa S. Weiner | |
| **PEARSON WARSHAW, LLP** | |
| 328 Barry Avenue South, Suite 200 | |
| Wayzata, MN 55391 | |
| T: (612) 389-0600 | |
| F: (612) 389-0610 | |
| mweiner@pwfirm.com | |

**26.** *Thompson v. Allianz Life Insurance Company of North America,*
**No. 0:25-cv-03118 (D. Minn.)**

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Jason Thompson** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Robert K. Shelquist | |
| **CUNEO GILBERT & LaDUCA, LLP** | Anderson Tuggle |
| 5775 Wayzata Blvd., Suite 620 | Larry E. LaTarte |
| St. Louis Park, MN 55416 | **FAEGRE DRINKER BIDDLE** |
| T: (612) 254-7288 | **& REATH LLP** |
| rshelquist@cuneolaw.com | 2200 Wells Fargo Center |
| | 90 S. 7th Street |
| Mark S. Reich | Minneapolis, MN 55402 |
| Melissa G. Meyer | T: (612) 766-6822 |
| **LEVI & KORSINSKY, LLP** | anderson.tuggle@faegredrinker.com |
| 33 Whitehall Street, 27th Floor | larry.latarte@faegredrinker.com |
| New York, NY 10004 | |
| T: (212) 363-7500 | |
| F: (212) 363-7171 | |
| mreich@zlk.com | |
| mmeyer@zlk.com | |

**27.** *Fematt v. Allianz Life Insurance Company of North America,* **No. 0:25-cv-03133 (D. Minn.)**

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Richard Manuel Fematt** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Brian Gudmundson | Anderson Tuggle |
| Michael J. Laird | Larry E. LaTarte |
| Madison M. DeMaris | **FAEGRE DRINKER BIDDLE** |
| **ZIMMERMAN REED LLP** | **& REATH LLP** |
| 1100 IDS Center, 80 South 8th Street | 2200 Wells Fargo Center |
| Minneapolis, MN 55402 | 90 S. 7th Street |
| T: (612) 341-0400 | Minneapolis, MN 55402 |
| brian.gudmundson@zimmreed.com | T: (612) 766-6822 |
| michael.laird@zimmreed.com | anderson.tuggle@faegredrinker.com |
| madison.demaris@zimmreed.com | larry.latarte@faegredrinker.com |
| | |
| Sabita Soneji | |
| **TYCKO & ZAVAREEI LLP** | |
| 2000 Pennsylvania Avenue NW, Suite 1010 | |

| | |
|---|---|
| Washington, D.C. 20006<br>T: (202) 973-0900<br>ssoneji@tzlegal.com | |

**28. *Goldman v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03135 (D. Minn.)**

| | |
|---|---|
| *Via Electronic Mail*<br><br>**Counsel for Plaintiff Janet Goldman**<br><br>Rebecca A. Peterson<br>**GEORGE FELDMAN MCDONALD, PLLC**<br>1650 West 82nd Avenue, Suite 880<br>Bloomington, MN 55431<br>T: (612) 778-9595<br>rpeterson@4-justice.com<br><br>Lori G. Feldman<br>**GEORGE FELDMAN MCDONALD, PLLC**<br>102 Half Moon Bay Drive<br>Croton-on-Hudson, NY 10520<br>T: (917) 983-9321<br>lfeldman@4-justice.com<br><br>Simon B. Paris<br>Patrick Howard<br>**SALTZ MONGELUZZI<br>& BENDESKY, P.C.**<br>1650 Market Street, 52nd Floor<br>One Liberty Place<br>Philadelphia, PA 19103<br>T: 215-496-8282<br>F: 215-754-4443<br>sparis@smbb.com<br>phoward@smbb.com | *Via Electronic Mail*<br><br>**Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE<br>& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**29. *Lennon v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03139 (D. Minn.)**

| | |
|---|---|
| *Via Electronic Mail*<br><br>**Counsel for Plaintiff Sheila Lennon**<br><br>Bryan L. Bleichner<br>Christopher P. Renz | *Via Electronic Mail*<br><br>**Counsel for Defendant Allianz Life Insurance Company of North America** |

| | |
|---|---|
| Philip Krzeski<br>**CHESTNUT CAMBRONNE PA**<br>100 Washington Ave South, Suite 1700<br>Minneapolis, MN 55401-2138<br>T: (612) 339-7300<br>bbleichner@chestnutcambronne.com<br>crenz@chestnutcambronne.com<br>pkrzeski@chestnutcambronne.com<br><br>Jeff Ostrow<br>**KOPELOWITZ OSTROW P.A.**<br>One West Las Olas Blvd, Suite 500<br>Fort Lauderdale, FL 33301<br>T: (954) 525-4100<br>ostrow@kolawyers.com | Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE**<br>**& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**30. *Canick v. Allianz Life Insurance Company of North America*,**
    **No. 0:25-cv-03141 (D. Minn.)**

| | |
|---|---|
| ***Via Electronic Mail***<br><br>**Counsel for Plaintiff Eliot Canick**<br><br>Daniel E. Gustafson<br>Shashi K. Gowda<br>Frances I. Mahoney-Mosedale<br>**GUSTAFSON GLUEK PLLC**<br>120 South Sixth Street #2600<br>Minneapolis, MN 55402<br>T: (612) 333-8844<br>dgustafson@gustafsongluek.com<br>sgowda@gustafsongluek.com<br>fmahoneymosedale@gustafsongluek.com<br><br>Thomas E. Loeser<br>Jacob M. Alhadeff<br>**COTCHETT, PITRE & McCARTHY LLP**<br>1809 7th Ave., Suite 1610<br>Seattle, WA 98101<br>T: (206) 802-1272<br>tloeser@cpmlegal.com<br>jalhadeff@cpmlegal.com<br><br>Adam J. Zapala<br>**COTCHETT, PITRE & McCARTHY LLP** | ***Via Electronic Mail***<br><br>**Counsel for Defendant Allianz Life Insurance**<br>**Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE**<br>**& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com<br><br>Francis Xavier Nolan, IV<br>**EVERSHEDS SUTHERLAND (US) LLP**<br>1114 Avenue of the Americas, Suite 40th Floor<br>New York, NY 10036<br>T: (212) 389-5083<br>franknolan@eversheds-sutherland.com |

| | |
|---|---|
| 840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>T: (650) 697-6000<br>F: (650) 697-0577<br>azapala@cpmlegal.com | |

**31. *Latronico v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03159 (D. Minn.)**

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Rebecca Latronico and Miriam Freiberg** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Karen H. Riebel<br>Maureen Kane Berg<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Ave. S., Suite 2200<br>Minneapolis, MN 55401<br>T: (612) 596-4097<br>T: (612) 596-4037<br>khriebel@locklaw.com<br>mkberg@locklaw.com<br><br>John A. Yanchunis<br>Ronald Podolny<br>Antonio Arzola, Jr.<br>**MORGAN & MORGAN COMPLEX LITIGATION GROUP**<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>T: (813) 275-5272<br>F: (813) 222-4736<br>jyanchunis@forthepeople.com<br>ronald.podolny@forthepeople.com<br>ararzola@forthepeople.com | Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**32. *Hansch v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03207 (D. Minn.)**

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Susan Hansch** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Bryan L. Bleichner<br>Philip J. Krzeski | |

| | |
|---|---|
| **CHESTNUT CAMBRONNE PA**<br>100 Washington Ave. S., Suite 1700<br>Minneapolis, MN 55401-2138<br>T: (612) 339-2138<br>bbleichner@chestnutcambronne.com<br>pkrzeski@chestnutcambronne.com<br><br>Stephen R. Basser<br>Samuel M. Ward<br>**BARRACK, RODOS & BACINE**<br>One America Plaza<br>600 W Broadway #900<br>San Diego, CA 92101<br>T: (619) 230-0800<br>sbasser@barrack.com<br>sward@barrack.com<br><br>Jeffrey W. Golan<br>Andrew J. Heo<br>**BARRACK, RODOS & BACINE**<br>Two Commerce Square<br>2001 Market Street, #3300<br>Philadelphia, PA 19103<br>T: (215) 963-0600<br>jgolan@barrack.com<br>aheo@barrack.com<br><br>Ronen Sarraf<br>Joseph Gentil<br>**SARRAF GENTILE LLP**<br>10 Bond Street, Suite 212<br>Great Neck, NY 11021<br>T: (516) 699-8890<br>F: (516) 699-8968<br>joseph@sarrafgentile.com<br>ronen@sarrafgentile.com | Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE**<br>**& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

| 33. *Berger v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03221 (D. Minn.) | |
|---|---|
| ***Via Electronic Mail***<br><br>**Counsel for Plaintiff Paul Berger**<br><br>Brian Gudmundson<br>Michael J. Laird<br>Madison M. DeMaris<br>**ZIMMERMAN REED LLP** | ***Via Electronic Mail***<br><br>**Counsel for Defendant Allianz Life Insurance**<br>**Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE** |

| | |
|---|---|
| 1100 IDS Center, 80 South 8th Street<br>Minneapolis, MN 55402<br>T: (612) 341-0400<br>brian.gudmundson@zimmreed.com<br>michael.laird@zimmreed.com<br>madison.demaris@zimmreed.com<br><br>James J. Pizzirusso<br>**HAUSFELD LLP**<br>1201 17th Street N.W., Suite 600<br>Washington, D.C. 20036<br>T: (202) 540-7200<br>jpizzirusso@hausfeld.com<br><br>Steven M. Nathan<br>**HAUSFELD LLP**<br>33 Whitehall Street, 14th Floor<br>New York, NY 10004<br>T: (646) 357-1100<br>snathan@hausfeld.com | **& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

| | |
|---|---|
| **34. _Graham v. Allianz Life Insurance Company of North America_,<br>No. 0:25-cv-03224 (D. Minn.)** | |
| _**Via Electronic Mail**_<br><br>**Counsel for Plaintiff Danny Graham**<br><br>Robert K. Shelquist<br>**CUNEO GILBERT & LaDUCA, LLP**<br>5775 Wayzata Blvd., Suite 620<br>St. Louis Park, MN 55416<br>T: (612) 254-7288<br>rshelquist@cuneolaw.com<br><br>Charles Barrett<br>**CUNEO GILBERT & LaDUCA, LLP**<br>4235 Hillsboro Pike, Suite 300<br>Nashville, TN 37205<br>T: (202) 844-3647<br>cbarrett@cuneolaw.com | _**Via Electronic Mail**_<br><br>**Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**35.** *Butler v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03228 (D. Minn.)

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Glenda Butler** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Brian Gudmundson | |
| Michael J. Laird | Anderson Tuggle |
| Madison M. DeMaris | Larry E. LaTarte |
| **ZIMMERMAN REED LLP** | **FAEGRE DRINKER BIDDLE** |
| 1100 IDS Center, 80 South 8th Street | **& REATH LLP** |
| Minneapolis, MN 55402 | 2200 Wells Fargo Center |
| T: (612) 341-0400 | 90 S. 7th Street |
| brian.gudmundson@zimmreed.com | Minneapolis, MN 55402 |
| michael.laird@zimmreed.com | T: (612) 766-6822 |
| madison.demaris@zimmreed.com | anderson.tuggle@faegredrinker.com |
| | larry.latarte@faegredrinker.com |
| Gerald D. Wells, III | |
| **LYNCH CARPENTER, LLP** | |
| 1133 Penn Ave, 5th Floor | |
| Pittsburgh, PA 15222 | |
| T: (412) 322-9243 | |
| jerry@lcllp.com | |

**36.** *Zabriskie v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03231 (D. Minn.)

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Joel Zabriskie** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Brian Gudmundson | |
| Michael J. Laird | Anderson Tuggle |
| Madison M. DeMaris | Larry E. LaTarte |
| **ZIMMERMAN REED LLP** | **FAEGRE DRINKER BIDDLE** |
| 1100 IDS Center, 80 South 8th Street | **& REATH LLP** |
| Minneapolis, MN 55402 | 2200 Wells Fargo Center |
| T: (612) 341-0400 | 90 S. 7th Street |
| brian.gudmundson@zimmreed.com | Minneapolis, MN 55402 |
| michael.laird@zimmreed.com | T: (612) 766-6822 |
| madison.demaris@zimmreed.com | anderson.tuggle@faegredrinker.com |
| | larry.latarte@faegredrinker.com |
| Jeffrey S. Goldenberg | |
| **GOLDENBERG SCHNEIDER, LPA** | |
| 4445 Lake Forest Drive, Suite 490 | |

Cincinnati, OH 45242
T: (513) 345-8291
jgoldenberg@gs-legal.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
T: (215) 592-1500
cschaffer@lfsblaw.com

---

**37. *Anderson v. Allianz Life Insurance Company of North America*,
No. 0:25-cv-03235 (D. Minn.)**

| | |
|---|---|
| *Via Electronic Mail* | *Via Electronic Mail* |
| **Counsel for Plaintiff Bradley Anderson *individually and as next friend of L.A. (a minor)*** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Bryan Bleichner | Anderson Tuggle |
| Philip Krzeski | Larry E. LaTarte |
| **CHESTNUT CAMBRONNE PA** | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| 100 Washington Ave. S., Suite 1700 | 2200 Wells Fargo Center |
| Minneapolis, MN 55401 | 90 S. 7th Street |
| T: (612) 339-7300 | Minneapolis, MN 55402 |
| F: (612) 336-2940 | T: (612) 766-6822 |
| bbleichner@chestnutcambronne.com | anderson.tuggle@faegredrinker.com |
| pkrzeski@chestnutcambronne.com | larry.latarte@faegredrinker.com |
| | |
| Leigh S. Montgomery | |
| **EKSM, LLP** | |
| 4200 Montrose Blvd., Suite 200 | |
| Houston, TX 77006 | |
| T: (888) 350-3931 | |
| service@eksm.com | |
| lmontgomery@eksm.com | |

| 38. *LaMarre v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03237 (D. Minn.) | |
|---|---|
| ***Via Electronic Mail*** | ***Via Electronic Mail*** |
| **Counsel for Plaintiff Dianne LaMarre** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Karen H. Riebel<br>Maureen Kane Berg<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Ave. S., Suite 2200<br>Minneapolis, MN 55401<br>T: (612) 596-4097<br>T: (612) 596-4037<br>khriebel@locklaw.com<br>mkberg@locklaw.com<br><br>Amber L. Schubert<br>**SCHUBERT JONCKHEER & KOLBE LLP**<br>2001 Union Street, Suite 200<br>San Francisco, CA 94123<br>T: (415) 788-4220<br>F: (415) 788-0161<br>aschubert@sjk.law | Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

| 39. *Roaldi et al. v. Allianz Life Insurance Company of North America*, No. 0:25-cv-03244 (D. Minn.) | |
|---|---|
| ***Via Electronic Mail*** | ***Via Electronic Mail*** |
| **Counsel for Plaintiff Michael Roaldi and Beth Satterthwaite** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Daniel E. Gustafson<br>Shashi K. Gowda<br>Frances I. Mahoney-Mosedale<br>**GUSTAFSON GLUEK PLLC**<br>120 South Sixth Street #2600<br>Minneapolis, MN 55402<br>T: (612) 333-8844<br>dgustafson@gustafsongluek.com<br>sgowda@gustafsongluek.com<br>fmahoneymosedale@gustafsongluek.com | Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

| | |
|---|---|
| Tyler W. Hudson<br>Eric D. Barton<br>**WAGSTAFF & CARTMELL, LLP**<br>4740 Grand Ave., Suite 300<br>Kansas City, MO 64112<br>T: (816) 701-1100<br>thudson@wcllp.com<br>ebarton@wcllp.com | |

**40.** *Robinson v. Allianz Life Insurance Company of North America,*
    No. 0:25-cv-03251 (D. Minn.)

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Daniel Robinson**<br><br>E. Michelle Drake<br>**BERGER MONTAGUE PC**<br>1229 Tyler Street NE, Suite 205<br>Minneapolis, MN 55413<br>T: (612) 594-5999<br>F: (612) 584-4470<br>emdrake@bm.net<br><br>Mark B. DeSanto<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>T: (215) 875-3000<br>F: (215) 875-4604<br>mdesanto@bm.net | **Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**41.** *Colgan v. Allianz Life Insurance Company of North America,*
    No. 0:25-cv-03285 (D. Minn.)

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff Michelle Colgan**<br><br>Robert K. Shelquist<br>**CUNEO GILBERT & LaDUCA, LLP**<br>5775 Wayzata Blvd., Suite 620<br>St. Louis Park, MN 55416<br>T: (202) 789-3960<br>rshelquist@cuneolaw.com | **Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center |

| | |
|---|---|
| Charles Barrett<br>**CUNEO GILBERT & LaDUCA, LLP**<br>4235 Hillsboro Pike, Suite 300<br>Nashville, TN 37205<br>T: (202) 844-3647<br>cbarrett@cuneolaw.com | 90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**42. _Giuliani v. Allianz Life Insurance Company of North America,_ No. 0:25-cv-03291 (D. Minn.)**

| _**Via Electronic Mail**_ | _**Via Electronic Mail**_ |
|---|---|
| **Counsel for Plaintiff Jamie Giuliani**<br><br>Robert K. Shelquist<br>**CUNEO GILBERT & LaDUCA, LLP**<br>5775 Wayzata Blvd., Suite 620<br>St. Louis Park, MN 55416<br>T: (202) 789-3960<br>rshelquist@cuneolaw.com<br><br>Charles Barrett<br>**CUNEO GILBERT & LaDUCA, LLP**<br>4235 Hillsboro Pike, Suite 300<br>Nashville, TN 37205<br>T: (202) 844-3647<br>cbarrett@cuneolaw.com<br><br>James C. Shah<br>**MILLER SHAH LLP**<br>1845 Walnut Street, Suite 806<br>Philadelphia, PA 19103<br>T: (866) 540-5505<br>jcshah@millershah.com | **Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**43. _Crownover v. Allianz Life Insurance Company of North America,_ No. 0:25-cv-03308 (D. Minn.)**

| _**Via Electronic Mail**_ | _**Via Electronic Mail**_ |
|---|---|
| **Counsel for Plaintiff Tiffany Crownover**<br><br>Daniel E. Gustafson<br>Shashi K. Gowda<br>Frances I. Mahoney-Mosedale | **Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle |

| | |
|---|---|
| **GUSTAFSON GLUEK PLLC**<br>120 South Sixth Street #2600<br>Minneapolis, MN 55402<br>T: (612) 333-8844<br>dgustafson@gustafsongluek.com<br>sgowda@gustafsongluek.com<br>fmahoneymosedale@gustafsongluek.com<br><br>James F. Clapp<br>**CLAPP & LAUINGER LLP**<br>701 Palomar Airport Road, Suite 300<br>Carlsbad, CA 92011<br>T: (760) 209-6565<br>jclapp@clapplegal.com<br><br>Edward J. Wynne<br>**WYNNE LAW FIRM**<br>80 E. Sir Francis Drake Blvd., Suite 3G<br>Larkspur, CA 94939<br>T: (415) 461-6400<br>ewynne@wynnelawfirm.com | Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE<br>& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**44.** *Thomas et al. v. Allianz Life Insurance Company of North America,* **No. 0:25-cv-03313 (D. Minn.)**

| *Via Electronic Mail* | *Via Electronic Mail* |
|---|---|
| **Counsel for Plaintiff John Thomas and Janet Thomas**<br><br>Daniel E. Gustafson<br>Shashi K. Gowda<br>Frances I. Mahoney-Mosedale<br>**GUSTAFSON GLUEK PLLC**<br>120 South Sixth Street #2600<br>Minneapolis, MN 55402<br>T: (612) 333-8844<br>dgustafson@gustafsongluek.com<br>sgowda@gustafsongluek.com<br>fmahoneymosedale@gustafsongluek.com<br><br>James F. Woods<br>Annie E. Causey<br>**WOODS LONERGAN PLLC**<br>One Grand Central Place<br>60 East 42nd Street, Suite 1410 | **Counsel for Defendant Allianz Life Insurance Company of North America**<br><br>Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE<br>& REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

| | |
|---|---|
| New York, NY 10165<br>T: (212) 684-2500<br>jwoods@woodslaw.com<br>acausey@woodslaw.com<br><br>Erik Langeland<br>**ERIK H. LANGELAND, P.C.**<br>733 Third Avenue, 16th Floor<br>New York, NY 10017<br>T: (212) 354-6270<br>elangeland@langelandlaw.com | |

### 45. *Powers v. Allianz Life Insurance Company of North America,* No. 0:25-cv-03328 (D. Minn.)

| | |
|---|---|
| *Via Electronic Mail* | *Via Electronic Mail* |
| **Counsel for Plaintiff Steven Powers** | **Counsel for Defendant Allianz Life Insurance Company of North America** |
| Bryan L. Bleichner<br>Christopher Renz<br>**CHESTNUT CAMBRONNE PA**<br>100 Washington Avenue South, Suite 1700<br>Minneapolis, MN 55401<br>T: (612) 339-7300<br>bbleichner@chestnutcambronne.com<br>crenz@chestnutcambronne.com<br><br>Kevin Laukaitis<br>**LAUKAITIS LAW LLC**<br>954 Avenida Ponce De Leon<br>Suite 205, #10518<br>San Juan, PR 00907<br>T: (215) 789-4462<br>klaukaitis@laukaitislaw.com<br><br>Andrew J. Sciolla<br>**SCIOLLA LAW FIRM, LLC**<br>Land Title Building<br>100 S. Broad Street, Suite 1910<br>Philadelphia, PA 19110<br>T: (267) 328-5245<br>andrew@sciollalawfirm.com | Anderson Tuggle<br>Larry E. LaTarte<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>2200 Wells Fargo Center<br>90 S. 7th Street<br>Minneapolis, MN 55402<br>T: (612) 766-6822<br>anderson.tuggle@faegredrinker.com<br>larry.latarte@faegredrinker.com |

**46. *Gress v. Allianz Life Insurance Company of North America*, No. 1:25-cv-01774 (N.D. Ohio)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Kim Gress** | **Defendants** |
| R. Eric Kennedy<br>Daniel P. Goetz<br>David C. Landever<br>**WEISMAN, KENNEDY & BERRIS CO.,<br>L.P.A.**<br>2900 Detroit Ave., 2nd Floor<br>Cleveland, OH 44113<br>T: 216-781-1111<br>ekennedy@weismanlaw.com<br>dgoetz@weismanlaw.com<br>dlandever@weismanlaw.com | **Allianz Life Insurance Company of North<br>America**<br>5701 Golden Hills Drive<br>Minneapolis, MN 55416 |

**47. *Snelgrove v. TransUnion, LLC*, No. 1:25-cv-10320 (N.D. Ill.)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Daniel Snelgrove** | **TransUnion, LLC**<br>United States - Corporate Headquarters<br>555 W. Adams St<br>Chicago, IL 60661 |
| Laura Van Note<br>**COLE & VAN NOTE**<br>555 12th Street, Suite 2100<br>Oakland, CA 94607<br>T: (510) 891-9800<br>F: (510) 891-7030<br>lvn@colevannote.com | |

**48. *Ihrke et al v. TransUnion, LLC*, No. 1:25-cv-10321 (N.D. Ill.)**

| *Via Electronic Mail* | *Via First-Class Mail* |
|---|---|
| **Counsel for Plaintiff Tina Ihrke and Jo<br>Joaquim** | **Defendants** |
| Samuel J. Strauss<br>Raina C. Borrelli<br>**STRAUSS BORRELLI PLLC**<br>One Magnificent Mile<br>980 N. Michigan Avenue, Suite 1610 | **TransUnion, LLC**<br>United States - Corporate Headquarters<br>555 W. Adams St<br>Chicago, IL 60661 |

| | |
|---|---|
| Chicago, IL 60611<br>T: (872) 263-1100<br>F: (872) 263-1109<br>sam@straussborrelli.com<br>raina@straussborrelli.com | |

| U.S. District Courts | |
|---|---|
| *Via First-Class Mail*<br><br>United States District Court<br>Northern District of California<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | *Via First-Class Mail*<br><br>United States District Court<br>Central District of California<br>First Street Courthouse<br>350 W. 1st Street<br>Los Angeles, CA 90012 |
| *Via First-Class Mail*<br><br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>  United States Courthouse<br>500 Pearl Street<br>New York, NY 10007-1312 | *Via First-Class Mail*<br><br>United States District Court<br>District of Minnesota<br>Diana E. Murphy United States Courthouse<br>300 South Fourth Street, Suite 202<br>Minneapolis, MN 55415 |
| *Via First-Class Mail*<br><br>United States District Court<br>Northern District of Ohio<br>Carl B. Stokes United States Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113 | *Via First-Class Mail*<br><br>United States District Court<br>Northern District of Illinois<br>Everett McKinley Dirksen<br>  United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 |



RECEIVED

2025

UNITED STATES
POSTAL SERVICE®

Click-N-Ship®

THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

US POSTAGE

9405 5301 0935 5205 9480 74 0175 0012 0808 0604

U.S. POSTAGE PAID
Click-N-Ship®

09/03/2025          Mailed from 91342  865677189382341

PRIORITY MAIL®

AHDOOT & WOLFSON, PC
TINA WOLFSON
STE 500
2600 W OLIVE AVE
BURBANK CA 91505-4572

Medium Flat Rate Box
RDC 03

C005

EVERETT MCKINLEY DIRKSEN US COURTHO
USDC NORTHERN DISTRICT OF ILLINOIS
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING #

9405 5301 0935 5205 9480 74

Salesforce, Inc. M
Motion to Transfer